62

[Civ. No. 15303.   First Dist., Div. Two.   Mar. 27, 1953.]

HERMAN H. LEVY et al., Appellants, v. LOUIS
GREENBERG et al., Respondents.

Livingston, Leeker & Feldman for Appellants.

F. H. Hoffmann for Respondents.

NOURSE, P. J.—Plaintiffs as owners and lessors sued
defendant lessees under a written lease for unpaid rent.
There is no dispute as to the terms of the lease nor of the
fact that the rent was unpaid. The trial court gave judgment
for defendants upon findings of fact which in every material
instance were either directly contrary to the undisputed evi-
dence or were wholly unsupported by any evidence, presump-
tion or inference.

Paragraph 12 of the lease provided: "The lessee shall not
assign this lease, or any interest therein, and shall not lease

or underlet the said premises, or any part thereof, or any right or privilege pertinent thereto, without the written consent of the lessor first had and obtained, . . ."

In January, 1949, defendants notified plaintiffs of their inability to comply with the terms of the lease and offered the name of a proposed assignee. Plaintiffs answered that they would be willing to grant a release if the prospective assignees were reliable and if all arrears in rent were paid. They requested a financial statement covering the prospective assignees. Defendants refused to cover arrears or to procure such a financial statement. Later another prospective tenant was suggested who demanded a new lease for a five-year term. Plaintiffs agreed to these terms on condition that the unpaid rent at that time be liquidated. Defendants refused to meet that request. Thereafter the parties hereto executed a written agreement terminating the lease and relieving all parties from any claims arising after the date of the release, August 15, 1949. It expressly reserved to these plaintiffs all claims for rent for the period of abandonment—February 1, 1949, to August 15, 1949.

In this action to recover these arrears the only question for the trial court was to determine whether they had been paid. It is conceded that they were not paid hence the trial court attempted to excuse payment on a finding that in some undisclosed manner and at some undisclosed time payment had been waived. But all the evidence both oral and documentary discloses that this was not so. In support of the judgment defendants argue that we must consider the presumptions and inferences as sustaining the finding. But there can be no presumption or inference of a waiver of payment in face of a contract in writing which declares in express language that there is no waiver.

The judgment is reversed with directions to the trial court to amend its findings and enter judgment for plaintiffs as prayed.

Goodell, J., and Dooling, J., concurred.